United States District Court
Southern District of Texas
**ENTERED**
December 06, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GERALD JEROD DURDEN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-315 |
| | § | |
| RAY A GUEVARA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION
## <u>TO DISMISS CASE</u>

Plaintiff Gerald Jerod Durden is a Texas inmate appearing *pro se* and *in forma pauperis*.  He filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A.  For purposes of screening and the reasons set forth below, the undersigned recommends that Plaintiff's complaint be **DISMISSED with prejudice** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I.      JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.     PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently confined at the McConnell Unit in Beeville, Texas.  Plaintiff's allegations in this civil rights action arise in connection with his current housing assignment.  He sues Captain Ray A. Guevara in his individual capacity only.   Plaintiff claims that Captain Guevara violated his due process rights when he presided over Plaintiff's disciplinary hearing and found him guilty of possessing contraband.  Plaintiff seeks monetary relief.

A *Spears*[1] hearing was conducted on November 14, 2019.   The following representations were made either at the *Spears* hearing or in Plaintiff's original complaint (D.E. 1):  Plaintiff, who is Native American, arrived at the McConnell Unit in 2013. Plaintiff testified that he was charged in a disciplinary case with possessing contraband in the form of a controlled substance.   Officer Reyes discovered the contraband on December 19, 2018, and brought a disciplinary case against Plaintiff.

On January 22, 2019, Captain Guevara presided as the disciplinary hearing officer (DHO) in Case No. 20190099672.   Plaintiff believes Captain Guevara violated his procedural due process rights at the hearing by: (1) acting aggressively toward Plaintiff; (2) refusing to allow Plaintiff or his counsel substitute to call and question any witnesses on Plaintiff's behalf; (3) not allowing Plaintiff to ask the charging officer certain questions; and (4) finding Plaintiff guilty of possession of contraband without any

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

2 / 10

evidence in support.  Captain Guevara imposed the following punishments on Plaintiff: (1) loss of 45 days of recreation and commissary; (2) loss of 45 days of phone privileges; and (3) line class reduction from L1 to L3, which subjected Plaintiff to a more restrictive housing placement by the Unit Classification Committee (UCC).

Following his disciplinary hearing, Plaintiff appeared before the UCC on January 24, 2019, where his custody classification was lowered from G4 to G5.  As a result of being placed in G5 custody status, Plaintiff was subjected to the following more restrictive housing conditions: (1) being confined to cell 23 hours a day with one or two hours of recreation; (2) having no contact visitation or dayroom activities; (3) eating all meals in segregation; and (4) being denied access to his Native American services which were offered once a month.  Overall, Plaintiff spent five months in administrative segregation.

On April 9, 2019, in connection with the granting of his Step 2 grievance, Plaintiff's disciplinary conviction was overturned.  Plaintiff never received a rehearing in his disciplinary case.  On June 24, 2019, Plaintiff's custody classification was restored to G4, and he was released from administrative segregation.  Plaintiff's line class also was upgraded to S4, which is a more favorable designation than L1.

## III.   LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.

*See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at

555.  As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed.  *Id.*

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law.  *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).  To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).  A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

## IV.   DISCUSSION

Plaintiff claims that Captain Guevara violated his due process rights when he presided over Plaintiff's disciplinary hearing and found him guilty of possessing contraband.  Specifically, Plaintiff complains that Captain Guevara acted aggressively toward Plaintiff, refused to allow Plaintiff or his counsel substitute to call and question any witnesses on Plaintiff's behalf, did not allow Plaintiff to ask the charging officer certain questions, and found him guilty without supporting evidence.

The Supreme Court has held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]."  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  "It is well-settled under *Heck* that a plaintiff who has been convicted of a

crime cannot recover damages for an alleged violation of his constitutional rights if that 'violation arose from the same facts attendant to the charge for which he was convicted . . . .'" *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008) (quoting *Heck*, 512 U.S. at 486-87).

The *Heck* doctrine also operates to bar prisoners from seeking injunctive relief or otherwise challenging the punishment imposed by a disciplinary proceeding through a § 1983 action. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) ("[plaintiff's] claim for declaratory relief and money damages, based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983"); *Clarke v. Stalder*, 154 F.3d 186, 189-91 (5th Cir. 1998) (en banc) (applying *Heck* to bar plaintiff's constitutional claims for injunctive relief that were fundamentally intertwined with his request for restoration of good-time credits).

Plaintiff's due process claim attacking his disciplinary conviction is not *Heck*-barred because his disciplinary conviction has been overturned.  Nevertheless, Plaintiff fails to state a due process claim against Captain Guevara.  As an initial manner, Plaintiff's successful Step 2 grievance cured any error in the disciplinary proceeding. *See Wilson v. Mossbarger*, No. 3:14-CV-244, 2017 WL 1449776, at *3 (S.D. Tex. Apr. 4, 2017) (citing *Ard v. Leblanc*, 404 F. App'x 928, 929 (5th Cir. 2010)).  The fact that Plaintiff's disciplinary case was overturned shows that Plaintiff was provided with due process and not deprived of the same, despite the fact he was moved into more restrictive housing during the time his appeal of the disciplinary case was pending. *Id.* at *3.

Furthermore, the Supreme Court has held that due process protections attach only to those punishments that impose an atypical and significant hardship in relation to ordinary incident of prison life, or to those that extend the length or duration of confinement.  *Sandin v. Conner*, 515 U.S. 472, 484-86 (1995).  In other words, "[p]risoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest."  *Hall v. Thaler*, No. H-07-0763, 2010 WL 883730, *6 (S.D. Tex. Mar. 11, 2010).

Plaintiff testified at the *Spears* hearing that the punishment imposed on him by Captain Guevara consisted of the loss of 45 days of recreation and commissary, the loss of 45 days of phone privileges, and a line class reduction from L1 to L3.  None of these sanctions imposed on Plaintiff constituted an "atypical and significant hardship" or otherwise adversely affected the duration of Plaintiff's sentence.[2]  The imposition of commissary, recreation, and phone restrictions do not implicate a constitutionally-protected protected liberty interest.  *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).  Likewise, Plaintiff's reduction in line class fail to implicate due process concerns.  *See Luken v. Scott*, 71 F.3d 192, 193-95 (5th Cir. 1995).

Plaintiff primarily complains about his five-month placement in more restrictive housing resulting from the disciplinary conviction and subsequent determination by the UCC to drop Plaintiff's custodial classification from G4 to G5.  Generally, an inmate's

---

[2] Plaintiff did not indicate that his disciplinary conviction resulted in the loss of good time credits.

placement or continued stay in administrative segregation or more restrictive housing does not constitute a deprivation of a constitutionally-protected liberty interest.  *See Sandin*, 515 U.S. at 485; *Allums v. Phillips*, 444 F. App'x 840, 841 (5th Cir. 2011); *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996).  "Courts have recognized a narrow exception to [the general] rule only when a prisoner is incarcerated in super-maximum security conditions for a lengthy or indeterminate duration." *Hollins v. Davis*, No. 5:18-CV-109, 2018 WL 7018717, at *2 (N.D. Tex. Dec. 6, 2018) (citing *Wilkinson v. Austin*, 545 U.S. 209, 214, 223-24 (2005); *Wilkerson v. Goodwin*, 774 F.3d 845, 855 (5th Cir. 2014)).

Plaintiff alleges that his five-month placement in more restrictive housing due to his G5 status caused him to be confined to a cell 23 hours a day with one or two hours of recreation per day, to lose contact visitation and dayroom activities, to be forced to eat meals in segregation, and to miss his monthly Native American services on five occasions.  However, Plaintiff's relatively short five-month placement in a restrictive housing environment is neither lengthy nor indeterminate when compared to the factual scenarios presented in *Wilkinson* or *Wilkerson*. *See Wilkinson*, 545 U.S. at 214, 223-24 (holding that prisoner's transfer to the Ohio "Supermax" facility implicated a liberty interest, in part because conditions there were "more restrictive than any other form of incarceration in Ohio," confinement at the Supermax facility was indefinite, and otherwise eligible inmates were disqualified for parole consideration); *Wilkerson*, 774 F.3d at 855 (concluding that thirty-nine years in solitary confinement was an "atypical and significant hardship" constituting a liberty interest).

Even accepting Plaintiff's allegations as true, they do not implicate a protectible liberty interest because his disciplinary punishments and resulting placement in more restrictive housing fail to indicate atypical and significant hardships in relation to ordinary incident of prison life. *See Hollins*, 2018 WL 7018717, at *2 (finding that prisoner's allegations of being confined in a more restrictive G5 environment for at least one year or more was neither lengthy nor indeterminate when compared to *Wilkinson* or *Wilkerson*); *Blair v. Davis*, No. 5:17-CV-276, 2018 WL 1083620, at *2 (N.D. Tex. Feb. 28, 2018) (holding that prisoner's G5 custody status and placement in restrictive housing with no windows and constant fluorescent lighting fails to meet the *Sandin* standard). Accordingly, the undersigned respectfully recommends that Plaintiff's due process claims against Captain Guevara be dismissed for failure to state a claim for relief.

## V.    CONCLUSION

Because Plaintiff has failed to state a cognizable constitutional claim in this action against Captain Guevara, it is respectfully recommended that Plaintiff's complaint be **DISMISSED with prejudice** for failure to state a claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

Respectfully submitted this 6th day of December 2019.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).