UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GERALD JEROD DUREN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-315 |
| | § | |
| RAY A GUEVARA, | § | |
| | § | |
| Defendant. | § | |

**ORDER MODIFYING AND ADOPTING**
**<u>MEMORANDUM AND RECOMMENDATION</u>**

Pending before the Court for initial screening is Plaintiff's Civil Rights Complaint (D.E. 1). On December 6, 2019, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation to Dismiss Case (D.E. 11), recommending that the complaint be dismissed with prejudice for failure to state a claim upon which relief may be granted. Plaintiff timely filed his objections (D.E. 12) on December 20, 2019.

At issue is whether Plaintiff, a prisoner in state custody, is entitled to recover damages against a Disciplinary Hearing Officer (DHO) in his personal capacity for the alleged deprivation of Plaintiff's procedural due process rights in a disciplinary hearing. In this case, Plaintiff's disciplinary conviction was reversed on appeal and expunged, but not before he suffered, among other things, five months in restrictive housing conditions akin to administrative segregation for which, he argues, the DHO should be required to answer.

According to the Magistrate Judge, Plaintiff cannot show a deprivation of due process because the appellate process provided by his successful grievance supplied him

with all procedural due process to which he was entitled. Furthermore, the Magistrate Judge concluded that Plaintiff's assignment to close custody was not so restrictive, lengthy, or indefinite as to rise to a cognizable deprivation of a liberty interest. The five months of restrictive housing was not an atypical or significant hardship in relation to ordinary incidents of prison life. Thus, Plaintiff has not stated a sufficient civil rights claim.

First, Plaintiff objects to the conclusion that he was not denied procedural due process. He argues that reversal of the disciplinary conviction on administrative appeal does not cure the initial due process violation if he had to begin serving his sentence pending appeal. D.E. 12, p. 4. The Second Circuit has supported that analysis:

> The rule is that once prison officials deprive an inmate of his constitutional procedural rights at a disciplinary hearing and the prisoner commences to serve a punitive sentence imposed at the conclusion of the hearing, the prison official responsible for the due process deprivation must respond in damages, absent the successful interposition of a qualified immunity defense.

*Walker v. Bates*, 23 F.3d 652, 658–59 (2d Cir. 1994).[1] The Second Circuit stated that it is the qualified immunity defense, rather than the "proposed fiction that the administrative appeals process provided for prisoners is a continuation of the disciplinary hearing and provides all the due process necessary" that relieves a DHO from liability for his actions. *Id*. at 658. In addition to the availability of a qualified immunity defense, the court also

---

[1] Cited with approval on other grounds by *Hentz v. McCarran*, 48 F.3d 529 (5th Cir. 1995) (approving use of hearsay evidence in prison disciplinary proceedings). *Walker* has been abrogated on other grounds with respect to its determination of whether a liberty interest was implicated. *Sandin v. Conner*, 515 U.S. 472, 472 (1995); *Allums v. Oliver*, No. 9:10CV162, 2011 WL 529406, at *2 (E.D. Tex. Feb. 7, 2011), *aff'd sub nom. Allums v. Phillips*, 444 F. App'x 840 (5th Cir. 2011).

noted that there may be no liability if there were reasons for the imposition of the punishment other than the procedurally defective disciplinary conviction. *Id*.

Like the *Walker* case, this dispute is presented prior to the assertion of any defense, be it qualified immunity or some other cause for the adverse action. Consequently, the Court SUSTAINS the first objection, holding that the reversal on administrative appeal did not cure any due process violations because the punishment was imposed pending appeal, triggering the right to redress deprivations of liberty interests, if any. It is a separate question whether the punishments imposed here constitute such deprivations of liberty interests.

Second, contrary to the Magistrate Judge's conclusion, Plaintiff contends that the punishment in the disciplinary sentence he was forced to serve for five months prior to the reversal of his conviction implicates a liberty interest. His objection is two-fold: (1) close custody, like administrative segregation, is a restriction of his liberty interests; and (2) guilt is a substantive limit on official discretion in disciplinary matters as it is a check on arbitrary actions, automatically implicating liberty interests.

Both arguments are contrary to the holding in *Sandin v. Conner*, 515 U.S. 472, 484–86 (1995). In that case, the Supreme Court discontinued the practice of finding liberty interests defined by the amount of discretion delegated to prison officials in maintaining prison discipline. "[W]e believe that the search for a negative implication from mandatory language in prisoner regulations has strayed from the real concerns undergirding the liberty protected by the Due Process Clause." *Id*. at 483. Instead, liberty interests are limited to those actions that impose restraint of a duration exceeding

3 / 6

the lawful calculation of the sentence imposed or which impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 484; *see also Lewis v. Landis*, 738 F. App'x 286, 287–88 (5th Cir. 2018).

Looking at the restrictive housing punishment in *Sandin*, the Supreme Court wrote:

> We hold that [the inmate's] discipline in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest. The record shows that, at the time of [the inmate's] punishment, disciplinary segregation, with insignificant exceptions, mirrored those conditions imposed upon inmates in administrative segregation and protective custody. We note also that the State expunged [the inmate's] disciplinary record with respect to the "high misconduct" charge nine months after [the inmate] served time in segregation. Thus, [the inmate's] confinement did not exceed similar, but totally discretionary, confinement in either duration or degree of restriction.

*Sandin,* 515 U.S. at 486.

As the Magistrate Judge observed, the same is true here. Plaintiff's objection is not that his restrictive housing was atypical or imposed a significant hardship beyond that associated with the ordinary incidents of incarceration. His objection is that the punishment was imposed without appropriate grounds. Under *Sandin*, that argument no longer supports a finding of a protected liberty interest. *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996) (quoting *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995)). A prisoner's due process rights based on placement in administrative segregation arise only when he demonstrates "extraordinary circumstances." *Hernandez v. Velasquez*, 522 F.3d 556, 562 (5th Cir. 2008).

Only two of the cases Plaintiff relies on were issued after the change in the law announced in *Sandin*: *Burnsworth v. Gunderson*, 179 F.3d 771, 775 (9th Cir. 1999) and *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). *Davis* is an Eighth Amendment case that has no application to the issue here.

In *Burnsworth*, the issue was the continuing harm imposed by a record of conviction on attempted escape that was unsupported by evidence. Because the inmate was not subjected to atypical or significant hardship as a result of the erroneous conviction, the corrections officials argued that no relief whatsoever was appropriate. The Ninth Circuit disagreed, holding that the reversed conviction must be expunged as a minimum necessary remedy to preserve procedural due process rights. Here, Durden's conviction has been expunged. No additional relief is supported by the *Burnsworth* decision.

The Court OVERRULES the second objection as contrary to current law.

Third, Plaintiff argues that his remedy for denial of due process must be a suit for damages against the DHO because he could not seek relief from this Court until after the administrative appeal process was completed. Because Plaintiff has failed to demonstrate the liberty interest necessary to support any further relief for a denial of due process, the third objection is OVERRULED as moot.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and

Recommendation to which objections were specifically directed, the Court **SUSTAINS** Plaintiff's first objection and **OVERRULES** Plaintiff's second and third objections. The Court **MODIFIES** the holdings as set out above and **ADOPTS** as its own the remaining findings and conclusions of the Magistrate Judge. Accordingly, Plaintiff's complaint (D.E. 1) is **DISMISSED WITH PREJUDICE**.

ORDERED this 17th day of January, 2020.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE